United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                              Case No. 19-10393-amc

Ernesta Y. Hospedale                                                       Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2 | User: admin | Page 1 of 2
Date Rcvd: Dec 29, 2021 | Form ID: pdf900 | Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 31, 2021:**

**Recip ID**              **Recipient Name and Address**
db                            +  Ernesta Y. Hospedale, 5500 Wyalusing Ave., Philadelphia, PA 19131-4908

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 31, 2021                      Signature:              /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 29, 2021 at the address(es) listed below:**

**Name**                              **Email Address**

JEROME B. BLANK
    on behalf of Creditor BANK OF AMERICA  N.A. paeb@fedphe.com

MARIO J. HANYON
    on behalf of Creditor BANK OF AMERICA  N.A. wbecf@brockandscott.com, mario.hanyon@brockandscott.com

MICHAEL A. LATZES
    on behalf of Debtor Ernesta Y. Hospedale efiling@mlatzes-law.com

PEARL PHAM
    on behalf of Creditor Philadelphia Gas Works pearl.pham@pgworks.com

POLLY A. LANGDON
    on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ecfmail@readingch13.com

REBECCA ANN SOLARZ
    on behalf of Creditor BANK OF AMERICA  N.A. bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

District/off: 0313-2                          User: admin                                    Page 2 of 2

Date Rcvd: Dec 29, 2021                       Form ID: pdf900                          Total Noticed: 1

SCOTT F. WATERMAN (Chapter 13)
                            ECFMail@ReadingCh13.com

SHERRI J. SMITH
                            on behalf of Creditor BANK OF AMERICA  N.A. ssmith@pincuslaw.com, brausch@pincuslaw.com

Scott F Waterman
                            on behalf of Trustee SCOTT F. WATERMAN (Chapter 13) ECFmail@fredreiglech13.com

THOMAS SONG
                            on behalf of Creditor BANK OF AMERICA  N.A. tomysong0@gmail.com

United States Trustee
                            USTPRegion03.PH.ECF@usdoj.gov


TOTAL: 11

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Ernesta Y. Hospedale | | CHAPTER 13 |
| | Debtor | |
| BANK OF AMERICA, N.A. | | |
| | Movant | NO. 19-10393 AMC |
| vs. | | |
| Ernesta Y. Hospedale | | |
| | Debtor | 11 U.S.C. Section 362 |
| Scott F. Waterman, Esquire | | |
| | Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.    The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence located at 5500 Wyalusing Avenue, Philadelphia, PA 19131 is **$4,367.52** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | April 2021 to November 2021 at $432.64/month |
| Fees & Costs Relating to Motion: | $1,038.00 |
| Suspense Balance: | $131.60 |
| **Total Post-Petition Arrears** | **$4,367.52** |

2.    The Debtor shall cure said arrearages in the following manner:

a).  Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$4,367.52.**

b).  Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$4,367.52** along with the pre-petition arrears;

c).  The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.    Beginning with the payment due December 1, 2021 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $432.64 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month.

4.    Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.   In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).  Should Movant issue three Notices of Default due to Debtor's failure to make payments, upon Debtor's fourth default, Movant may immediately file a Certification of Default with the Court, without issuing a new Notice of Default, and the Court shall enter an Order granting the Movant relief from the automatic stay.

6.   If the case is converted to Chapter 7 and the loan is in default, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.   If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.   The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.   The parties agree that a facsimile signature shall be considered an original signature.


Date:   November 8, 2021                 /s/ Rebecca A. Solarz, Esquire
                                         Rebecca A. Solarz, Esquire
                                         KML Law Group, PC.
                                         Attorney for Movant


Date: _12-17-21_____             _Michael A. Latzes_____
                                         Michael A. Latzes, Esquire
                                         Attorney for Debtor

Date: _December 28, 2021_          _/s/ Ann E. Swartz, Esquire, for_

                                         Scott F. Waterman, Esquire
                                         Attorney for Debtor

Approved by the Court this _____ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.

**Date: December 29, 2021**

                                         Bankruptcy Judge
                                         Ashely M. Chan